Hillsborough,
June 22, 1939. } No. 3054.

HARTFORD ACCIDENT & INDEMNITY COMPANY

*v.*

CHARLES D. WHITE & a.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Langdell* orally), for the plaintiff.

*Maurice A. Broderick* (by brief and orally), for the defendants.

WOODBURY, J. The first question presented is to be answered by determining the nature of the obligation which the plaintiff assumed when it executed its bond and continuation agreements. The plaintiff contends that under no circumstances may its aggregate liability on behalf of Schnoebelen exceed the five thousand dollar penalty of the bond originally filed, and, since it has already paid that sum by order of the Superior Court on account of the judgments obtained against Schnoebelen by Holmes and others, that it is under no obligation to pay any further sum to anyone else. The defendants White and New Hampshire Fire Insurance Company, on the other hand, contend, as they state in their brief, "that each [continuation] agreement is a distinct undertaking and that the petitioner is liable in the penal sum of $5,000. under each agreement filed."

In support of their contention the above defendants argue that reasonably construed the statute requires the filing of a new bond whenever a licensee seeks a renewal of his license, that the renewal agreements filed by the plaintiff must have been intended by it to conform to the statutory requirement, and so, since each renewal agreement constituted a separate and distinct obligation up to the limit of the original bond, the language of those agreements which negatives a cumulative liability should be disregarded as surplusage. In other words, they take the position that the plaintiff, when it extended its bond from year to year, undertook a new obligation up to the limit thereof for each extended period, and that they are entitled to recovery up to that limit, in the event that they obtain a final judgment against Schnoebelen, because the latter installed lightning rods upon the White property during the operative period of a different continuation agreement from that which was in force when he installed lightning rods on the property of Holmes.

The defendant's contention cannot be adopted, if for no other reason, because it is based upon a misinterpretation of the pertinent statutory provisions. Section two of chapter 160 of the Public Laws provides that no license to sell materials for use in protecting property from lightning shall be issued by the Insurance Commissioner "until the applicant has filed a bond with the commissioner in the sum of five thousand dollars, with security satisfactory to him, for

the purpose of securing the payment of any final judgment that may be recovered against such applicant in any court in this state." Section nine of the above statute provides that "The holder of any guaranty agreement issued under the provisions of this chapter may bring suit in the name of the commissioner upon the bond herein provided for, and have the same procedure and remedies thereon as in the case of official bonds of county officers." In *Holmes* v. *Schnoebelen*, 87 N. H. 272, 276, it was held that this right of action is not limited to holders of guaranty agreements only, but that "The procedure prescribed for guaranteed parties may be conveniently used by others and does not require express statutory authorization." With respect to official bonds of county officers the pertinent statute, (P. L., *c.* 37, *s.* 14), provides that after one recovery of actual loss against the obligor, any person "having like cause of action upon such bond may, [after he has recovered judgment against the principal], on *scire facias*, recover execution for his damages until the whole amount of the penalty is applied on account of damages so recovered." It is evident from this latter statutory provision that the legislature did not intend to impose upon an obligor upon the bond of a county official any liability in excess of the amount stated in the bond, and, since this provision is incorporated by reference in the statute relating to the bonds required of lightning rods agents, it is equally evident that the same limitation applies to bonds of this latter sort. It follows that the legislature in enacting P. L., *c.* 160, *s.* 2 intended only that licensees under section one provide and maintain in the hands of the Insurance Commissioner a fund of five thousand dollars available during the continuance of the license, and thereafter until it is either exhausted or no action is maintainable for its recovery, to answer for such defaults on the part of the licensee as may occur while his license is in effect.

It is objected that this construction of the statute ought not to be adopted because it leads to the unfair result of limiting recourse against a licensee's bond only to those who are able to reduce their claims against the licensee to judgment before the penal sum of the bond is exhausted. The answer to this contention is that partial protection is all that the legislature has seen fit to require.

Neither statute makes any provision with respect either to successive bonds or to bonds continued in effect after the date of expiration by agreement of the obligor. The nature and extent of the plaintiff's obligation on behalf of Schnoebelen is therefore to be determined solely by reference to the express wording of its bond and

continuation agreements, and the language of those instruments is too clear to admit of doubt or question. Under its original bond the plaintiff assumed no liability in excess of five thousand dollars and its continuation agreements were "executed upon the express condition that the Company's liability under said Bond and this and all continuations thereof shall not be cumulative and shall in no event exceed the sum of five thousand and No/100–Dollars ($5,000.00)." From this definite expression of the extreme limits of its liability, it is clear that the plaintiff, having already paid the full penal sum named in the bond, cannot be held to pay it or any part of it again. In consequence the plaintiff is not liable to satisfy in whole or in part any judgment which these defendants may in the future recover against Schnoebelen.

Since the plaintiff has no further obligation under its bond, it has no interest in the outcome of any litigation now pending or which may hereafter be brought against Schnoebelen. For this reason we need not consider the questions raised by the special plea of the statute of limitations filed by the latter in the action at law brought against him by the other defendants.

*Judgment for the plaintiff.*

All concurred.